**In re George S. RUSH, d/b/a Rush Engineers, Debtor.**

**Bankruptcy No. 80–04078.**

United States Bankruptcy Court,
N. D. Alabama.

Jan. 14, 1981.

Thomas J. Knight, Anniston, Ala., for debtor.

David B. Anderson, Birmingham, Ala., for petitioning creditors.

Bruce Rice, Anniston, Ala., for Central Bank.

L. Graves Stiff, III, Birmingham, Ala., for Garner et al. and U. S. Fidelity & Guaranty.

## ORDER ON MOTIONS TO INTERVENE AS PETITIONING CREDITORS

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

### INTRODUCTION

The above-styled case was commenced by a petition filed under Section 303 and Chapter 7 of Title 11, United States Code, and is pending before this Court under said chapter. The debtor has contested the involuntary petition filed against him, in an answer which alleges numerous defenses. On October 7, 1980, the bankruptcy judge ordered that a trial of the involuntary petition commence on December 11, 1980; however, at

the request of the parties, the trial of the involuntary petition has been continued, successively, to January 15, 1981, and to January 29, 1981.

Three petitions and motions, seeking intervention in this case as petitioning creditors, have been filed, respectively, by: (1) Garner, Meshad & Wood Agency, Inc.; (2) United States Fidelity and Guaranty Company; and (3) Central Bank of Oxford (Alabama). The debtor has filed a written objection to the intervention or attempted intervention as to each of these three parties.

This matter was argued before the Court on January 9, 1981, and the Court has duly considered the petitions and motions, the objections, the arguments of counsel, and the briefs filed.

The debtor persistently and strenuously contends that the original involuntary petition was concocted and filed in bad faith by the Home Insurance Company, with the other petitioning creditors not being bona fide petitioning creditors, that no creditor has the right to intervene in a bankruptcy case instituted by a petition filed in bad faith, and that intervention should be denied until the debtor's defense of bad faith has been determined by the Court and should be allowed only in the event that this issue is determined against the debtor. The petitioning creditors and the creditors seeking to intervene as petitioning creditors contend that Section 303(c), Title 11, United States Code, provides for intervention, as a matter of right for any creditor of the debtor "holding an unsecured claim that is not contingent".

The debtor also contends that the three creditors seeking intervention do not qualify for intervention under said Section 303(c).

Some of the authorities referred to in the briefs on the question of intervention in a bankruptcy case commenced by a fraudulent petition or a petition which exhibits other bad faith seem to be in conflict; however, the rights of the parties in regard to the trial set in this case limit the time available to the Court to such an extent that it will not be feasible to analyze and evaluate the cases cited.

Upon a due consideration of the problems involved, the Court is of the opinion that the following principles should govern in these matters:

1. Under said Section 303(c) a party has a right to intervene in an involuntary case under said Title 11, without any leave by the Court or the exercise of any power by the Court;

2. In the event that a party seeks intervention under Section 303(c), and the debtor objects to the intervention or attempted intervention, the Court must adjudicate the question of whether the party has successfully intervened;

3. In the event of an objection by the debtor, a determination by the Court of whether the party has successfully intervened in the involuntary case must be determined from the face of the pleadings filed by the party who has intervened or attempted to intervene, and this determination will be made in the light of the requirements for intervention as set forth in Section 303(c);

4. Questions as to the truthfulness of any allegation by the intervenor or attempted intervenor or any allegation by the debtor must be determined at a later evidentiary hearing which may appropriately be a part of the trial on the contested involuntary petition, unless good and sufficient cause is shown for an earlier determination;

5. The question of whether a petition is fraudulent or is the product of some other bad faith on the part of the petitioners is a matter of defense which should be determined at the trial on the involuntary petition;

6. If an issue of fraud or other bad faith is determined by the Court against the original petitioners, the petition and the case instituted thereon should be dismissed out of court, regardless of the later intervention of other creditors whose standing

may not be infected with such fraud or other bad faith;[1] and

■ 7. The question of fraud or other bad faith is, consequently, irrelevant to the matter of intervention.

## FINDING AND CONCLUSION BY THE COURT

The bankruptcy judge finds and concludes that the petitions and motions are to be taken together, that those of Garner, Meshad & Wood Agency, Inc., and United States Fidelity and Guaranty Company show that these creditors hold noncontingent, unsecured claims and have successfully intervened in this case, but that the petition and motion of Central Bank of Oxford do not sufficiently allege that this creditor has intervened in this case.

## ORDER BY THE COURT

In view of the foregoing, and for good cause shown or found, it is ORDERED by the Court that Garner, Meshad & Wood Agency, Inc., and United States Fidelity and Guaranty Company are adjudged to be intervening petitioning creditors in this case, that Central Bank of Oxford is adjudged not to be an intervening petitioning creditor in this case, that its motion and petition are dismissed out of court upon the debtor's objection (considered as a motion to dismiss), and that a copy of this order shall be sent through the United States mails to counsel of record for the parties, which shall be sufficient service and notice hereof.

---

1. It appears to the bankruptcy judge that it would be against public policy for the Court to entertain any case commenced upon a petition which constituted the practice of a fraud upon the Court and the debtor by a petitioning creditor or creditors. The dismissal of the petition and the case should be a principle and obvious discouragement for the filing of a petition based upon fraud or other bad faith on the part of the petitioner or petitioners. Such practice should not be encouraged by allowing the petition and case to continue in court in the event that a creditor or sufficient other creditors not infected with the fraud or other bad faith later join in the petition. The opposite rule would strengthen the hand of a fraudulent petitioner seeking extortion from the debtor as the price for a voluntary dismissal of the petition, because the debtor would be faced with the prospect of having the fraudulent case continue even if the debtor established that the case had been filed in bad faith; thus, the filing of fraudulent petitions would be encouraged.